Marshall *v.* Klein et al., Appellants.

Submitted April 18, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunning-ham and Baldrige, JJ.

*Scott Fink,* for appellants.—An acknowledgment on the record of the receipt of partial payment of a mortgage by one who purchased subject to the mortgage was not an extinguishment of that part of the mortgage in favor of a junior lien, where an assignment of the mortgage in full was later made upon payment of the balance: Anderson v. Neff, 11 S. & R. 208; Duncan v. Drury, 9 Pa. 332; Moats v. Thompson, 283 Pa. 313; Continental T. & T. Co. v. Devlin, 209 Pa. 380,

*Horace G. Durbin,* and *Glen N. Machesney,* for appellee, cited: Bryar's Appeal, 111 Pa. 81; Pease v. Doane, 33 Pa. Superior Ct. 6; Grings' Appeal, 89 Pa. 336; Mitchell v. Combs, 96 Pa. 430.

OPINION BY BALDRIGE, J., July 2, 1929:

Josephine Klein and Richard Klein, her husband, gave a mortgage on two tracts of land owned by the wife to F. M. Sloan, in the sum of twenty-eight hundred ($2,800) dollars. On December 15, 1926, Samuel T. Marshall, the appellee herein, entered a judgment against Josephine Klein and Richard Klein, in the sum of twenty-two hundred ($2,200) dollars. Two days thereafter, Richard Klein and his wife conveyed the mortgaged premises to Wendel J. Kirch and Margaret L. Kirch. This deed was recorded December 23, 1926, and on that date F. M. Sloan, the mortgagee, receipted upon the margin of his mortgage as follows:

"Now, December 23, 1926, I, the mortgagee within named, do hereby acknowledge to have received $1,200 on account of the principal debt of this mortgage and interest on the whole debt to December 13, 1926, from Wendel J. Kirch and Margaret L. Kirch, his wife, leaving a balance due of $1,600, with interest thereon from the 13th day of December, 1926.

F. M. Sloan (Seal)

Witness my hand and seal. Acknowledged before me. Herbert Wirsing, Recorder."

Ten months thereafter Samuel T. Marshall caused a fi. fa. to be issued on his judgment, and named Wendel J. Kirch and Margaret L. Kirch, his wife, as terre tenants. On October 27, 1927, the Kirchs paid the balance on the mortgage to F. M. Sloan, who, by

a written assignment bearing same date and place of record, assigned to the Kirchs the entire principal debt of the said mortgage, together with interest. The following day the Kirchs, as use-plaintiffs, caused a sci. fa. to be issued on said mortgage against Josephine Klein and Richard Klein, with notice to themselves as terre tenants. The property was sold by the sheriff on Marshall's writ to Samuel Marshall for the sum of four thousand ($4,000) dollars. The sheriff filed his schedule of distribution of the money made by the sale, wherein he distributed to the Kirchs the full amount claimed under the writ of sci. fa. Exceptions were filed by Samuel T. Marshall, which were sustained, causing this appeal.

The learned court below, after careful discussion of the facts and law involved in this case, reached the conclusion that the Kirchs intended to pay and discharge the mortgage debt to the extent of twelve hundred ($1,200) dollars. There was no evidence before the court other than the record of the transaction. The Kirchs purchased the property subject to a first mortgage in the amount of twenty-eight hundred ($2-800) dollars. The payment of the twelve hundred ($1,200) dollars and a receipt therefor placed on the margin of the record clearly indicates that it was a payment of that portion of the debt. The public records disclose that fact and if the record was not in accordance with the understanding of the Kirchs, it was their duty to have it corrected. The record remained from December to October without any apparent attempt made to amend it. It was the duty of the judge to determine the intention of the parties, but he was not bound to look into the actual facts of payment or intention of the parties further than was made accessible by the record, as that was the only evidence before him: Meigs v. Bunting, 141 Pa. 233. When a mortgage has been paid by the mortgagor, the mort-

gage is extinguished, Kinley v. Hill, 4 W. & S. 426, and cannot be kept alive as against subsequent lien creditors: McCartney v. Kipp, 171 Pa. 644; 27 Cyc. 1396.

There is no question that a mortgage does not necessarily merge or become extinct by being united in the same person who owns the fee provided it is the intention of the parties that it should not merge but continue to exist for the protection of the owner of fee: Moore v. Harrisburg Bank, 8 Watts 138; Moats v. Thompson, 283 Pa. 313.

Anderson v. Neff, 11 Sergeant & Rawle 208, is very similar to this case. A mortgage was recorded prior to defendant's judgment. After the judgment, Clark, the owner, conveyed to Porter for the consideration of twenty-eight hundred ($2,800) dollars. Porter paid twenty-three hundred ($2,300) dollars, and bound himself to pay the five hundred ($500) dollars due on the mortgage held by Walker. Neff, the plaintiff in the judgment, issued a fi. fa., and on the 30th of June, 1818, the property was levied on and condemned. The plaintiff did not take an assignment of the mortgage until December 23, 1818. The court held there was no question as to the right of the parties to come to an agreement; that a mortgage could be assigned to the purchaser of the property, but that the assignment and maintaining the mortgage debt to secure the purchaser were not in contemplation of anyone until the danger arose from Neff's judgment and the unexpected insolvency of Clark and that the assignment was clearly an afterthought; that the law was with Neff; his equity was equal to Porter's and ''where the equity is equal, the law must prevail. . . . . . The injury of Porter arises from his own negligence and from his confidence in Clark without exercising common prudence in searching the records.''

The question involved is the intent of the Kirchs when the twelve hundred ($1,200) dollars was paid.

It was too late when they paid the balance of the principal and took an assignment of the mortgage to revive that portion of the principal that had been paid ten months prior thereto, without any apparent intent to maintain the original debt at that time.

The judgment of the court is affirmed.