Herkowitz *v.* Molnick, Appellant.

Argued October 15, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*E. Moss* of *Moss & Moss,* for appellant.

*Harry Fischer,* and with him *Bernard A. Illoway,* for appellee.

OPINION BY TREXLER, P. J., December 27, 1930:

By virtue of a provision of the lease between the parties to this proceeding, a judgment was entered against Molnick, the defendant, on August 29, 1929, for the sum of $4,000. On the 31st day of August, 1929, the defendant presented a petition praying that the judgment be opened, stating that instead of $400 a month being due, $375 was the correct figure, (later fixed by the defendant at $350) that sum being agreed

to by oral agreement in consideration of the defendant retaining possession of the premises and the prompt payment of all future rents.

The fifth paragraph of the affidavit avers that "he (the deponent) tendered the rent to the plaintiff in accordance with the verbal agreement between the parties, by sending to the attorney for the plaintiff a check in the sum of three hundred seventy-five ($375) dollars [each month?] for the months of February, March, April, May, June, July and August, which the plaintiff by his attorney has refused to accept, and returned to your deponent." This paragraph becomes significant in view of what appears later.

The court granted a rule to show cause why the judgment should not be opened which was afterwards made absolute. The judgment was opened September 24, 1929. On the 27th of the same month, the plaintiff presented his petition asking for a rehearing. The court afterwards rescinded the order, making absolute the rule to open judgment, reinstated the rule and discharged it. From this order no appeal was taken. December 17, 1929, the defendant again came with a petition stating that the judgment had been entered for $4,000, but that it should be $3,200 because the rent for the months of February and March, 1929, reckoned at $400 per month by the plaintiff, but reduced to $350 per month had been paid by check of $700. The court granted a rule, testimony was taken and the rule finally discharged from which order the present appeal is taken.

Every matter brought up before the court in this petition to reassess the damages could have been raised in the petition to open the judgment. The judgment, if entered for more than was due, could be reduced and this was the effort made in the first instance when the petition to open was allowed. The payment now claimed to have been made was not since the judgment

was entered, but before. If the defendant had any defense as to the amount, he should have urged it when the first petition was before the court. The decision of the court refusing to open the judgment settled all matters so far as the amount of the judgment was concerned and in order to reopen the matter, the petition to reassess the damages should have brought something to the attention of the court that would move the conscience of the court to reopen the case. The appellant offers no explanation or excuse for having alleged in his first petition that he had tendered a check for the very months which he now claims he paid and which check was *refused* by the attorney for the plaintiff. The court took the view that the defendant was estopped from denying the averment in this petition to open unless his denial was accompanied by an explanation of the mistake.

But passing this feature of the case, the court in considering the depositions taken in support of the rule, came to the conclusion that no cause was shown why the damages should be reassessed. The check in question stated that it was for the rent until April 15th. The plaintiff, in his deposition, goes into particulars as to the circumstances under which it was given and stated that at that time he declared he would accept the check because he needed money, but that it was not correct and that there was an accumulation of back rent of a balance of $50 a month beginning December, 1927. This statement of the plaintiff coupled with the affidavit of the defendant to which we have already referred, that he had tendered a check for certain months including the months which he now claims to have paid and which tender was refused, was sufficient to support the refusal of the court to open the judgment. The lower court made the following comment: "Depositions were taken and a careful reading of them leaves us unmoved in feel-

ing that the defendant has not established the facts other than he averred them to be in his petition to open. The witnesses he called were rather vague, indefinite and unconvincing, and in view of his own assertion in his petition to open and sworn to solemnly under oath, it is difficult for us to believe that the facts are otherwise than as fixed." It was a matter within its sound discretion.

The order is affirmed, the appellant to pay the costs.