## Tesauro, for use, Appellant, *v.* Calitri et al.

Argued April 21, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Marquis M. Smith,* for appellant.

*Carroll Caruthers,* with him *John G. Gaut,* for appellee.

OPINION BY STADTFELD, J., July 21, 1943:

On January 20, 1927, Nick Calitri and Carmela Calitri, his wife, of Mount Pleasant, Pa. borrowed the sum of $1,500 from Mary Tesauro, of the same place, giving her a first mortgage on a certain dwelling house owned by them, situated in that borough. On April 3, 1937, the said mortgage was assigned by the mortgagee to Michael Resteano, of Aliquippa, Beaver, County, Pa., Calitri's son-in-law, said mortgage and assignment being recorded in the Recorder's Office of Westmoreland County in Mortgage Book Vol. 449, p. 396.

Subsequent to the said first mortgage were two judgments for the amounts of $500 and $400 respectively, or a total of $900, liens against Calitri's property in favor of Mary Rega, recorded at Nos. 130 and 131 November Term, 1929, and duly revived.

Mary Rega, having died on August 1, 1934, her son Frank Rega, was granted Letters of Administration on her estate, and, in the course of time, proceeded to enforce collection of the said sum of $900 and interest by execution against Calitri's properties, consisting of two dwelling houses in Mount Pleasant, Pa. These properties were sold by the Sheriff of Westmoreland County and purchased by the said Frank Rega, Administrator. One of the dwellings was encumbered with the mortgage aforesaid, dated January 20, 1927, and assigned by the mortgagee to Michael Resteano.

In order to collect the said amount of $1,500, principal and interest from January 1928, the assignee

caused a scire facias to be issued against Nick Calitri and Carmela Calitri, his wife, mortgagors and still in possession of the dwelling, and against Frank Rega, terre-tenant, joining them as defendants.

Frank Rega, one of the defendants, filed an answer averring that on the date of the assignment of the mortgage—April 3, 1939, only a balance of $760 was due; that the principal over and above that figure had been previously paid, and that therefore the mortgage debt had been extinguished to that extent. The defendant, Rega, admitted that the assignee, as use-plaintiff, was entitled to the sum of $760, unpaid balance at the time of the assignment.

The case was tried by a jury and verdict rendered in favor of the use-plaintiff for $775.

A motion for a new trial was then made and was refused, from which this appeal followed.

This appeal lies within very narrow limits. The sole questions for our consideration are the determination of the rights acquired by the assignee at the time of the assignment to him of the mortgage, and the amount to which he is entitled.

It will be noted that in January or February, 1937, Rega, terre-tenant, called on the mortgagee to ascertain the balance due on the mortgage, in order to realize, if possible, on the junior liens held by his mother's estate. Prior to this time all the payments of principal and interest had been made by Calitri, the mortgagor, and receipts given to him for the payments so made.

It was after this on a Sunday shortly before April 3, 1937, that the assignee paid the balance due on the mortgage and took an assignment of the mortgage. There is no dispute as to the amount due on the mortgage at that time. It was $775, the amount that Resteano paid to Mrs. Tesauro, as is represented by the receipt given by her to Resteano.

It is admitted that the prior payments were made

by Calitri with moneys furnished by his son-in-law, Resteano. There is no evidence of any agreement for an assignment of the mortgage at any time prior to the time of the final payment when the assignment was made.

It is to be noted that the use-plaintiff does not even contend that he and the mortgagor had an understanding as to an assignment. The sole contention in this case is that, since he claims to have supplied the money to the mortgagor by which the first payments were made on account of the mortgage debt, and since he subsequently paid off the balance due and took an assignment, that assignment should be retroactive so as to include the entire mortgage debt rather than the amount remaining due when the assignment was made.

In the court's charge to the jury, this issue of fact was very clearly defined and the jury was very definitely instructed that if the payments previously made by the mortgagor were installment payments on account of an assignment, then the plaintiff was entitled to judgment for the full amount of the mortgage debt, but that if these payments were intended to be on account of the principal debt and in reduction thereof and that the assignment of the entire mortgage was an after-thought, then their verdict should be for the plaintiff in the amount actually due when the mortgage was assigned. Nothing but a general exception was taken to the charge of the court and no additional instructions were requested. The jury's verdict definitely establishes the fact that the first payments in question were in reduction of the principal debt.

In the recent case of *Home Owners' Loan Corporation v. Crouse,* 151 Pa. Superior Ct. 259, 30 A. 2d 330, at p. 331, it was said: " 'It always requires something more than the mere payment of a debt in order to entitle the person paying the same to be substituted in the place of the original creditor. A mere volunteer or intermeddler who, having no interest to protect, without any

legal or moral obligation to pay, and without an agreement for subrogation, or an assignment of the debt, pays the debt of another is not entitled to subrogation, the payment in his case absolutely extinguishing the debt. The payor must have acted on compulsion, and it is only in cases where the person paying the debt of another will be liable in the event of a default or is compelled to pay in order to protect his own interests, or by virtue of legal process, that equity substitutes him in the place of the creditor without any agreement to that effect; in other cases the debt is absolutely extinguished.' 60 C. J. p. 716, §27."

In the case of *Weir v. Potter Title and Mortgage Guarantee Company,* 323 Pa. 212, 221, 185 A. 630, 634, the court held, inter alia: "The right of junior lien creditors to advance in legal status in respect to a property to which their lien is attached, when senior lien creditors have been paid, whether the encumbrances securing the latter's debt have been formally marked satisfied or not, is firmly imbedded in our law. The hold which a lien to secure the payment of a debt has on a property must be released in favor of a junior lien holder when the debt secured by the former has been liquidated."

In the case of *Marshall v. Klein,* 96 Pa. Superior Ct. 580, 585, in an opinion by Judge BALDRIGE, this court held it is too late when the balance of the principal debt is paid, to take an assignment of the entire mortgage, thereby endeavoring to revive that portion of the principal that had been paid previously without any apparent intent to maintain the original debt at that time.

"After payment of a mortgage debt, although the mortgage security may be kept alive, as between the mortgagor and mortgagee, to cover future advances (Peirce v. Black, 105 Pa. 342, 345-346), as respects a subsequent mortgage or judgment creditor, it must be

regarded as satisfied (Girard Trust Co. v. Baird, 212 Pa. 41, 44;)": *Fair and Square Building & Loan Association v. Presbyterian Board of Publications, etc., et al., Appellants,* 302 Pa. 162, 167, 153 A. 341.

The assignee of a mortgage takes it subject to all defenses available against the assignor, and the recording acts in no way give the assignee a better right than the assignor. *Federal Reserve Bank v. Gearon,* 331 Pa. 65, 67, 200 A. 80. *Kepler v. Kepler,* 330 Pa. 441, 447, 199 A. 198. *Gordon v. Anthracite Trust Co.,* 117 Pa. Superior Ct. 544, 547, 178 A. 406.

The assignments of error are overruled and the decree of the court below is affirmed. Costs on appeal to be paid by appellant.