## Sklaroff, to use, Appellant, *v.* Weiner.

Argued June 12, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Malcolm H. Waldron, Jr.,* with him *Waldron & Weitzman,* for appellant.

*Albert H. Friedman,* for appellees.

OPINION BY FLOOD, J., September 17, 1964:

While this is an appeal from an order of the Court of Common Pleas No. 3 of Philadelphia County reassessing damages upon a judgment entered by confession in that court, the real controversy concerns the distribution of the proceeds of a sheriff's sale of premises 3133 Euclid Avenue, Philadelphia, on a writ issuing out of the County Court of Philadelphia.

The appellant, Time Finance Company, is the assignee of a confessed judgment entered by Sklaroff on June 16, 1959, in the court of common pleas on a judgment note executed by the defendants Weiman and Weiner. As of the date of the sheriff's sale this judgment was a lien on the Euclid Avenue property, of which the defendant Weiner was the registered owner. The appellees are the executors of Morris Zabarkes who had entered judgment against Weiner on February 2, 1962 in the county court. The sheriff's sale of the Euclid Avenue property was held under a writ issued out of the county court to enforce Zabarkes' judgment. When the sheriff's distribution policy showed the ap-

pellant's judgment as a prior lien in the amount of $10,200, Zabarkes' executors, the appellees, without formally intervening, filed a petition in the common pleas court claiming that all but $766.85 of the amount due on the appellant's judgment had been paid and seeking to have the damages on that judgment reassessed.

The appellant properly objects that this is not an appropriate method to obtain an adjudication of the extent of its right to participate in the proceeds of the sheriff's sale. The proper procedure, as set forth in Pa. R. C. P. No. 3136, is by filing written exceptions with the sheriff. The determination of these exceptions must be made by the county court under whose writ the sheriff's sale was held, not by the court of common pleas which has no jurisdiction over the distribution of the fund in the sheriff's hands. While the briefs indicate that the appellees have filed such exceptions in the county court, apparently they have not proceeded to have them determined by that court.

The appellees were not parties to the suit in the common pleas court and have no standing to interfere with the rights arising out of that suit. *Moore v. Dunn,* 147 Pa. 359, 23 A. 596 (1892). "The rule to open the judgment at the instance of the subsequent judgment creditor must be discharged as a matter of course, because it is contrary to established practice and the right of the plaintiff. It is a mistaken notion that a subsequent execution creditor can intervene in a suit between his judgment debtor and another plaintiff. The proper practice is to apply for a rule on the plaintiff and sheriff to show cause why the money produced by the sheriff's sale on the prior execution should not be paid into court, and dispute the validity of the judgment before an auditor, or apply for an issue to be tried in court." Id. at 360, 23 A. at 596. The procedure by rule to show cause has now been superseded by Pa. R. C. P. No. 3136.

The appellees cite a number of cases to justify their procedure in moving to open the common pleas judgment. However, these cases are not persuasive. Only a few of them need be mentioned. *Herkowitz v. Molnick,* 100 Pa. Superior Ct. 498 (1930), is a proceeding by the defendant himself, not a stranger. In *Renschler v. Pizano,* 329 Pa. 249, 198 A. 33 (1938), we have an entirely different situation, where the third party (a garnishee) suggested collusion and was, moreover, not a junior creditor, but an insurance company who had agreed to indemnify the defendant tortfeasor. Nevertheless the Supreme Court affirmed an order discharging a rule to open the judgment against the defendant stating that the garnishee would have the same opportunity to present its defense in the attachment proceeding as it would have if the judgment were opened. The case of *Donaldson v. Bielski,* 141 Pa. Superior Ct. 320, 14 A. 2d 859 (1940), was decided under the Act of July 9, 1897, P. L. 237, 12 PS §911, which, by its terms, applied only in the event of an attack upon the validity of a judgment by confession "upon which an execution has been or shall hereafter be issued . . . ." In a case such as this where execution has not been issued on the Time Finance Company's judgment, the attack upon it cannot be made under the Act of 1897 but only under Pa. R. C. P. No. 3136 which takes the place of the Act of June 12, 1931, P. L. 542, 12 PS §2670. When, as here, no fraud is alleged or shown but the only issue is the amount to which the holder of a valid lien is entitled out of the proceeds, the remedy under Pa. R. C. P. No. 3136 is adequate and no reason appears for any exception to the rule of *Moore v. Dunn,* supra.

This is not the type of case in which we can ignore the procedural error under Pa. R. C. P. No. 126, since the court below had no jurisdiction to determine the distribution of the fund in the sheriff's hands follow-

ing a sale under the writ of a different court. *Moore v. Dunn,* supra. Nor is it clear to us that the amount to which the appellant is entitled out of the proceeds of the sheriff's sale in the county court is necessarily the same as the amount for which it holds the common pleas judgment. The appellees' only interest is to see that the appellant gets no more out of the proceeds of the sale than its present status entitles it to get. This must be determined on exceptions filed in the county court.

Order reversed.