Concurring Opinion by
Hoffman, J.:
This appeal involves two questions: (1) whether jurisdiction of the person may be obtained through deputized service of process issued by a court in a county where neither the cause of action arose nor the defendant may be found, and (2) whether a cause of action may be transferred by a court having no jurisdiction of the person to a court in another county where jurisdiction of the person may be obtained.
Appellees, residents of Cumberland County, instituted this action in Cumberland County for damages arising out of a motor vehicle accident which occurred on October 4, 1969, in Dauphin County. The appellants are residents of Dauphin County.
Appellees filed a praecipe for a writ of summons on February 26,1971, and a complaint was filed on December 13, 1971. Appellants thereafter filed preliminary objections raising the question of the Cumberland County court’s jurisdiction of the person. On January 15,1972, appellees filed a petition for a change of venue to Dauphin County. The Cumberland County court sustained appellants’ preliminary objections and grant *574 ed appellees’ petition to transfer the action to Dauphin County. Appellants have appealed from the lower court’s transfer of the action.
I
The first question before us is whether the Cumberland County court had jurisdiction of the person. Jurisdiction refers to both the competency of a court to determine controversies of the general nature of the matter involved, and the power of a court to bind the parties to the litigation by its adjudication. Competency is usually referred to as “subject matter jurisdiction”, and the power to bind the parties is known as “jurisdiction of the person.”
There is no question that the Court of Common Pleas of Cumberland County had subject matter jurisdiction of the cause of action in the instant case. Where a cause of action is transitory, as in any tort action, “[t]he general rule is . . . that the action may be brought wherever the wrongdoer may be found, and jurisdiction of his person may be obtained.” Gossard v. Gossard, 319 Pa. 129, 130, 178 A. 837 (1935). Jurisdiction of the person is obtained by proper service, and if appellants had been properly served, the Cumberland County court would have been able to hear the case and adjudicate the rights of the parties.[1]
Proper service of a defendant in a trespass action may be effected in three ways: (1) by service on the defendant of the court’s process within the territorial limits of its authority, (2) by deputized service where *575 the suit is originally brought in the county where the cause of action accrued, or (3) by deputized service where such service is permitted by express statutory authority.[2] In the instant case appellants never entered Cumberland County, and therefore, they could not be served directly. Appellees attempted to obtain jurisdiction of the person by deputized service of appellants in Dauphin County, but this was improper since the suit was not originally brought in the cause of action county and no express statutory authority exists which would permit extra-county service from Cumberland County. Therefore, the lower court properly sustained appellants’ preliminary objection challenging the court’s jurisdiction of the person.[3]
*576 II
Appellees argue that even if the lower court did not have jurisdiction of the person, the court, nevertheless, had the power to transfer the case to Dauphin County under the transfer of venue provisions of the Pennsylvania Kules of Civil Procedure. Although for procedural purposes objections may be raised on venue and jurisdiction in the same manner,[4] venue is distinguished from jurisdiction in that jurisdiction involves the power to decide a case, while venue refers to the place where the action should be heard.
It is clear that a court may take no action whatsoever in the absence of subject matter jurisdiction. Sklaroff v. Weiner, 204 Pa. Superior Ct. 273, 203 A. 2d 366 (1964); Commonwealth v. Hall 291 Pa. 341, 140 A. 626 (1928). Unlike the mandatory prerequisite of subject matter jurisdiction, which cannot be acquired by either waiver or consent, a court is not incompetent to act if it lacks jurisdiction of the person, because jurisdiction of the person can be acquired by waiver or consent. See 1 Standard Pennsylvania Practice, Courts §§49-50 (1960). The question then becomes whether a lack of jurisdiction of the person, properly raised by timely preliminary objection, would prevent the lower court from transferring the action to a county where jurisdiction of the person could be obtained.
*577 When this action was originally instituted in Cumberland County, venue would have been proper if appellants would have entered the county and had been personally served with process therein.[5] Appellees, however, improperly served the appellants by an unauthorized exercise of the deputized service provisions of the Rules of Civil Procedure. At the moment of this improper service, venue became improper in Cumberland County. Salay v. Braun, 427 Pa. 480, 235 A. 2d 368 (1967). Rule 1006(e) of the Pennsylvania Rules of Civil Procedure provides in relevant part that “[i]m-proper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county.” Since any court of common pleas with subject matter jurisdiction would have proper venue if (1) the defendant may be served in the county in which the court sits, or (2) the cause of action arose in that county, improper venue could only exist where there has been improper service of process. See Rule 1G42 of the Pennsylvania Rules of Civil Procedure. Appellants, therefore, could have challenged the institution of the action in Cumberland County either by an objection to venue or jurisdiction of the person.
In Nicolosi v. Fittin, 434 Pa. 133, 252 A. 2d 700 (1969), our Supreme Court was faced with a situation virtually identical with that in the instant case. The defendant in Nicolosi had filed preliminary objections *578 to jurisdiction of the person on the ground that there had been an unauthorized use of substituted service, the issuing county not being the “cause of action” county as required by the Rules of Civil Procedure. These preliminary objections were sustained by the lower court, and the court then dismissed the action. The Supreme Court held that the lower court had improperly dismissed the action: “The lower court properly analyzed the nature of the preliminary objections which raised only a question of personam jurisdiction and not venue. However, while the lower court sustained the preliminary objection raising a question of jurisdiction, it went further and dismissed the action. It should not have so done.” Nicolosi v. Fittin, supra at 135. The Court relied on Salay v. Braun, 427 Pa, 480, 235 A. 2d 368 (1967), for the above holding. Balay held that where preliminary objections to venue are sustained, the court must transfer the case to the appropriate court and may not dismiss the action.[6]
It is apparent that the only reasonable interpretation of Rule 1006(e) is that appellants’ successful attack on the jurisdiction of the person created the “improper venue” contemplated by the Rule. Our Supreme Court’s holding in Nicolosi clearly indicates that Rule 1006(e) may be utilized whenever improper venue is established, regardless of whether a party objects on either jurisdictional or venue grounds.
I therefore concur in our Court’s affirmance of the court below, sustaining appellants’ preliminary objec *579 tion to the jurisdiction of the court and granting appellees’ petition to transfer the cause of action to Dauphin County.
Spaulding and Packel, JJ., join in this concurring opinion.

 The Act of June 16, 1886, P. L. 784, §12, 17 P.S. §251 provides in part: “The courts of the common pleas shall have jurisdiction within their respective counties to hear and determine all pleas, actions and suits, and causes, civil, personal, real and mixed, according to the Constitution and laws of this Commonwealth.”

 Pa. R. O. P. 1009(c) provides: “When an action is commenced against an individual in a county in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law, or is brought against two or more defendants under Rule 1006(c), the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had.” See also, 12 P.S. §291; and, similar provisions involving motor vehicle cases at 75 P.S. §1303. Generally cf. Pa. R. C. P. 1043.
The 1969 amendments to Rules 1009(e) and 1043, which permit deputized service to any county “authorized by law”, do not broaden personam jurisdiction in the absence of a specific legislative enactment. Provision is made for extracounty service in actions for an accident or injury occurring on real estate (12 P.S. §106) ; actions for breach of covenants of warranty (12 P.S. §301) ; and, actions against nonresidents doing business in Pennsylvania (Rule 2079).

 Appellees argue that even if service was improperly made, appellants have waived any jurisdictional defenses by (1) entering an appearance, and (2) failing to make timely preliminary objections after the writ of summons was served upon them. These arguments clearly cannot be sustained. Pennsylvania Rule of Civil Procedure 1012 provides that “[a] party may enter a written appearance which shall state an address within the Commonwealth *576 at which papers may be served. Such appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue.” As to appellees’ contention that appellants failed to make timely preliminary objection, it would have been improper for appellants to have filed preliminary objections after the writ was served, since such objections were intended to be a response to a prior pleading. C. E. Williams Co. v. H. B. Pancoast Co., 412 Pa. 166, 194 A. 2d 189 (1963) ; Monaco v. Montgomery Cab Co., 417 Pa. 135, 208 A. 2d 252 (1965).

 Pennsylvania Rule of Civil Procedure 1017(b)(1).

 Buie 1042 of tlie Pennsylvania Buies of Civil Procedure provides: “[An action in trespass] may be brought in a county in which an action in assumpsit may be brought [in a county in which the defendant may be served or in which the cause of action arose] or in any other county authorized by law.”

 In Standard Oil Co. v. Munday, 150 Pa. Superior Ct 499, 501, 28 A. 2d 813 (1942), our Court said that “[statutes regarding venue — and the Rules of Civil Procedure have the effect of statutory enactment (Act of June 21, 1937, P. L. 1982) — deal only with the jurisdiction over the person.” The Court went on to distinguish venue statutes dealing with jurisdiction of the person from statutes dealing with subject matter jurisdiction, which the Rules could not enlarge or abridge in any way.