368 A.2d 808

METROPOLITAN FEDERAL SAVINGS AND
LOAN ASSOCIATION OF EAST-
ERN PENNSYLVANIA

v.

John P. BAILEY et al.

Appeal of FIDELITY AMERICA FINAN-
CIAL CORPORATION.

Superior Court of Pennsylvania.

Argued Sept. 20, 1976.

Decided Dec. 15, 1976.

454

Roderick D. Mathewson, Norristown, for appellant.

Anthony F. List, Media, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant, Fidelity America Financial Corporation, and appellees, James S. and Ethel C. Faires, are lien creditors of John and Marian Bailey (hereinafter referred to as "Bailey"). Appellees filed exceptions to the proposed schedule for distribution of proceeds of a sheriff's sale of Bailey's house, on the basis that judgments held by appellant had been previously stricken. Believing that the two judgments were subject to challenge, the lower court stayed distribution pending the outcome of litigation in connection with the judgment liens held by appellant. Because we find that this appeal is interlocutory, we quash.

This case involves four separate actions by several parties against Bailey: a mortgage foreclosure by Metropolitan Federal Savings and Loan Association of Eastern Pennsylvania (hereinafter "Metropolitan"), appellant's action on a promissory note, appellant's suit in assumpsit, and appellees' action on a note. A discussion of the relevant procedural history and status of each action follows.

Metropolitan filed a complaint in mortgage foreclosure on December 6, 1974. Metropolitan entered judgment by default and issued a writ of execution on February 21, 1975. On March 27, 1975, the Delaware County Sheriff sold Bailey's house at 412 Ridge Lane, Springfield Township, for $50,000. On April 15, 1975, the Sheriff posted the following proposed schedule of distribution: transfer tax due the Commonwealth of Pennsylvania, $500.00; Sheriff's cost, $860.80; transfer tax due the Township and/or School District of Springfield, $500.00; real estate tax for the year 1974 (School), $826.25; real estate tax for the year 1975 (County and Township), $433.10; sewer rents (1975), $53.45; Metropolitan Federal Savings and Loan Association of Eastern Pennsylvania on the judgment entered February 21, 1975, $22,096.54; balance of fund to appellee on judgment note recorded

against Bailey on June 30, 1970. The instant case involves the apropriate distribution of the $24,729.86 balance. Appellees argued that the liens in favor of appellant were not valid and that their lien for $21,460.50 should be given priority. The conflicting claims of appellant and appellees arise from three separate actions.

On June 3, 1970, appellant recorded a judgment note against Bailey in the amount of $40,000. Appellant assessed damages on May 7, 1974, in the amount of $25,452.26. On May 14, 1975, Bailey filed a petition to strike judgment.[1] Appellant filed its answer on May 29, 1975. No further action on this petition is indicated in the docket entries.

Appellant's second lien derives from the following action. On February 24, 1972, appellant filed a complaint in assumpsit against Bailey, alleging a written contract with a Connecticut corporation, Stafford Technical Asso-

1. The parties and the lower court have denominated Bailey's petition as a petition to strike when it is clear that it is a petition to open. A petition to open a default judgment entered in an assumpsit action will not be granted unless it has been promptly filed, satisfactorily explains the defendant's failure to plead within the required time limit and sets forth a meritorious defense. *McEvilly v. Tucci,* 239 Pa.Super. 474, 362 A.2d 259 (1976). A judgment does not lose its status by being opened; it is still a lien, and a levy previously made on an execution outstanding thereon also retains its lien priority and may not be discharged. *Markofski v. Yanks,* 297 Pa. 74, 146 A. 569 (1929). By contrast, a petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. If the record is self-sustaining, the judgment will not be stricken. *Malakoff v. Zambar, Inc.,* 446 Pa. 503, 288 A.2d 819 (1972); *Fleck v. McHugh,* 241 Pa.Super. 307, 361 A.2d 410 (filed June 28, 1976). A judgment which is stricken is a nullity and without legal effect; the party never had a valid judgment since the prothonotary had no power to enter it. *Haverford Township School District v. Herzog,* 314 Pa. 161, 164, 171 A. 455, 456 (1934); *Fleck v. McHugh,* supra.

In the instant case, Bailey never attacked the appellant's judgment for defects of record; rather, his petition to "strike" rested on allegations of excuse for failure to file an answer and of a meritorious defense. Thus, an order of the lower court, if granted, "striking" appellant's judgment would more properly be denominated an order opening judgment.

ciates, Inc., for which Bailey agreed to act as guarantor in the event of default. No answer was filed by Bailey; and, on November 19, 1973, appellant entered judgment by default. On December 4, 1973, Bailey filed a petition to stay the sheriff's sale and to open or strike judgment. On November 6, 1974, the Delaware County Court of Common Pleas entered the following order: "AND NOW, this 6th day of November, 1974, the Defendant's Petition to Strike Judgment,[2] Stay Sheriff's Sale and Vacate Writ of Execution be and the same is hereby granted. Defendants may plead over to Plaintiff's Complaint within twenty days of this Order." When Bailey failed to file an answer, appellant entered a second default judgment and caused a second writ of execution to be issued.[3] On February 13, 1975, Bailey filed a second petition to strike judgment, which the court granted on July 3, 1975.[4] Appellant did not appeal from either order "striking" judgment. On July 10, 1975, Bailey filed an answer containing new matter to appellant's complaint; appellant filed its reply to new matter on July 29, 1975. No further proceedings of record appear on the docket.

The third proceeding relevant to the instant appeal began when appellees recorded their judgment note against Bailey in the amount of $21,460.50 on February 5, 1973. On April 24, 1974, the appellees filed for a writ of execution, but they took no further action until April 17, 1975, when they filed exceptions to the distribution of the proceeds of the Sheriff's sale of Bailey's house. However,

2. See note 1, supra.

3. Apparently, Bailey believed that he had filed his answer because local rules require that a party attach a copy of his pleading to a petition to strike or to open. Bailey complied with this rule but did not realize that this did not constitute filing his answer.

4. The lower court opened judgment because it determined that appellant should be granted leave to file his answer properly. See also note 1, supra.

appellees captioned their exceptions with the term and number of their own action against Bailey rather than with the heading of the mortgage foreclosure proceeding by Metropolitan.

The lower court determined that the exceptions filed by appellees should be considered even though docketed to the wrong proceeding. It therefore ordered the prothonotary to file the exceptions in the proper proceeding. Because the lower court determined that appellant's judgment liens "face[d] an uncertain future" in the light of pending proceedings in both cases, it ordered that the distribution of the proceeds of sheriff's sale be stayed and that the proceeds be segregated in an interest-bearing account pending the outcome of the litigation between appellant and Bailey on appellant's two judgment liens. The lower court also directed all parties to proceed "with all due haste in bringing their cases to final disposition." This appeal followed.

Appellant contends that the appellees are barred from raising challenges to its lien priorities because the rights of lien creditors are determined by their status on the record at the time of the sheriff's sale; that appellee lacked standing to attack collaterally the validity of appellant's liens and did not allege fraud or collusion; and that appellee did not comply with Rule 3136, Pa.R.C.P., which requires proper and timely filing of all exceptions to a sheriff's schedule. We do not reach the merits of appellant's contentions because we do not have jurisdiction to entertain this appeal.

The method and procedure by which competing lien creditors may litigate their claims to sale proceeds is established by Rule 3136, Pa.R.C.P. See *Concord-Liberty Savings and Loan Assoc. v. NTC Properties*, 454 Pa. 472, 312 A.2d 4 (1973); *Sklaroff v. Weiner*, 204 Pa.Super. 273, 203 A.2d 366 (1964); 4A Anderson Pa. Civil Practice, *Enforcement of Judgments* § 3136 (1962). Rule 3136(g) implicitly recognizes the right of appeal by

any person aggrieved by the court's final disposition of exceptions to the sheriff's schedule of distribution. It authorizes the entry of an order that the sheriff invest the proceeds of sale "pending final disposition of the exceptions or an appeal therefrom." See 4A Anderson Pa. Civil Practice, supra at § 3136.8. It is clear that an appeal will lie from a final order sustaining or dismissing exceptions to a sheriff's schedule of distribution. See e. g. *Concord-Liberty Savings and Loan Assoc. v. NTC Properties,* supra; *Sklaroff v. Weiner,* supra; *Farmers National Bank v. Kern,* 194 Pa.Super. 479, 168 A.2d 620 (1961). An appeal from an order staying distribution pending further proceedings, however, is interlocutory. *Reed's Appeal,* 71 Pa. 378 (1872).

██ ██ Generally, an appeal may not be taken from an interlocutory order unless permitted by statute. *Ventura v. Skylark Motel, Inc.,* 431 Pa. 459, 246 A.2d 353 (1968); *Calvin v. Somat Corporation,* 230 Pa.Super. 118, 326 A.2d 590 (1974), Appellate Court Jurisdiction Act, July 31, 1970, P.L. 673, No. 223, art. III, § 302; 17 P.S. § 211.302 (1976 Supp.). Because there is no statutory exception allowing the appeal of an order staying a decision on the exceptions to a schedule of distribution, this Court is without jurisdiction to entertain this appeal. We must, therefore, quash.

Appeal quashed.