442 A.2d 1177

PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY

v.

Rudolph J. DI MASSA, Sr., Rudolph J. Di Massa, Jr., Anthony
Di Massa and Rita Di Massa, Appellants.

Superior Court of Pennsylvania.

Submitted June 23, 1981.

Filed March 19, 1982.

Rudolph J. DiMassa, Philadelphia, for appellants.

John D. Killian, Harrisburg, for appellee.

Before PRICE, BECK and JOHNSON, JJ.

BECK, Judge:

Appellee Pennsylvania Higher Education Assistance Agency sued appellants in trespass in the Court of Common Pleas of Dauphin County alleging that it had paid appellants monies for scholarship grants based upon applications submitted to it which contained false representations.

Appellants filed preliminary objections alleging that appellee had failed to state facts constituting fraud and alleging that the Court of Common Pleas lacked subject matter jurisdiction. The basis of the latter objection was that the administrative regulations, promulgated by appellee, provided for appeal from denial of an application for a scholarship grant to be made only to the Commonwealth Court.[1]

---

1. Appellants also demanded dismissal of plaintiff's complaint "because of ... c. Lack of jurisdiction over the persons of the defendants." However, no fact was alleged to support such grounds and a claim of lack of personal jurisdiction has not been raised on this appeal.

The lower court dismissed appellants' Preliminary Objections, and it is from this order that appellants filed the within appeal.

■■■■ In their "Statement of Jurisdiction" on appeal, appellants recite:

This Court has jurisdiction pursuant to a Notice of Appeal from the Order of the Court below entered on January 22, 1980, on the question of jurisdiction and an Affidavit of Service thereof having been filed on February 4, 1980.

Jurisdiction of this Court is clearly not conferred by a filing of Notice of Appeal, but arises only under the Constitution and statutes of the Commonwealth. The Order appealed from is clearly interlocutory in character. This court has jurisdiction of appeals from interlocutory orders only where specifically authorized by statute or general rule. *Evans v. Government Employees Insurance Company*, 291 Pa.Super. 342, 435 A.2d 1258 (1981); *Metropolitan Federal Savings and Loan Association v. Bailey*, 244 Pa.Super. 452, 458–59, 368 A.2d 808, 812 (1976).

An appeal of an interlocutory order may be allowed by the Appellate Court pursuant to 42 Pa.C.S. 702, subsection (b) of which provides:

"When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order."

However, 42 Pa.C.S. 702(b) has not been complied with. While the opinion of the lower court states that the "question of jurisdiction ... involves a controlling question of law," the other elements of certification under 42 Pa.S.C. § 702(b) are not contained in the order or opinion. Further-

more, appellants did not petition this court for permission to appeal pursuant to 42 Pa.S.C. 702(b).

■ This court has jurisdiction of this appeal, therefore, only if it involves matter as to which interlocutory appeal as of right is granted by statute or rule. While earlier cases did hold that blanket jurisdiction over appeals from orders determining subject matter jurisdiction did exist in this court,[2] these cases were decided under Act of March 5, 1925, P.L. 23, § 1, then 12 P.S. § 672 which conferred jurisdiction of appeals from orders ruling on a "question of jurisdiction ... of the cause of action for which the suit is brought...." This act was superceded[3] by Act of July 9, 1976, P.L. 586, No. 142, § 2 as amended, 42 Pa.C.S. § 5105. Subsection (c) relating to interlocutory appeals places in the Supreme Court of Pennsylvania the authority to promulgate general rules establishing rights to appeal from specific classes of interlocutory orders. Pursuant to this authority, Pa.R.App.P. 311 specifies those interlocutory orders from which appeal may be taken as of right. Subsection (b) states:

> An appeal may be taken as of right from an order in a civil action or proceeding sustaining venue of the matter or jurisdiction over the person or over real or personal property .... under enumerated circumstances.

No provision of Rule 311 confers jurisdiction of an appeal from an order sustaining *subject matter* jurisdiction under any conditions.

■ Since this court has not been authorized by statute or rule to exercise jurisdiction over this interlocutory appeal, the appeal is quashed.

2. *Hollinger v. Department of Public Welfare*, 469 Pa. 358, 365 A.2d 1245 (1976); *Commonwealth ex rel. Fox v. Swing*, 409 Pa. 241, 186 A.2d 24 (1962). But see *General Teamsters, Chauffeurs and Helpers Local Untion 249 v. W. J. Dillner Transfer Co.*, 213 Pa.Super. 438, 249 A.2d 806 (1968).

3. 12 P.S. § 672 was repealed by the Act of April 28, 1978, P.L. 202, No. 53, § 2, 42 Pa.C.S.A. § 20002(a) [1069], effective June 27, 1978.