## Hancock's Appeal.

Parol evidence, that, at the time of assigning one of several bonds secured by the same mortgage, the assignor agreed that it should be entitled to priority of payment over the other mortgage bonds, is inadmissible to vary the legal effect of the assignment.

Where fractional parts of the same mortgage debt are successively assigned to different persons, if the proceeds of the mortgaged property be insufficient to satisfy them all, they take *pro rata.*

Donley *v.* Hays, 17 *S. & R.* 400, affirmed.

Nor will the giving of a personal guarantee to the assignee of the first bond, disturb the relation of the several assignees to each other. A guarantee is a personal contract at large, and not the pledge of any particular fund.

In the absence of any evidence to the contrary, an assignment under seal imports a valuable consideration.

If, however, there be any evidence, however slight, to impeach the *bona fides* of the transaction, the assignee may be required to give full proof of consideration.

APPEAL from the Common Pleas of *Montour county.*

This was an appeal by William Hancock, from the decree of the court below, distributing the proceeds of a sheriff's sale of the real estate of John Moore.

On the 24th April 1846, John Moore executed to William Donaldson and John McQuhae four bonds for $1000 each; two of them payable on the 1st May 1850, and the others, on the 1st May 1851, with interest; and at the same time, he executed a mortgage of his real estate, to secure their payment.

On the 18th December 1858, the mortgaged premises were sold by the sheriff, under proceedings upon the mortgage; and the proceeds of sale, amounting to $3448, were paid into court for distribution. The appellant, who was the assignee of one of the bonds secured by the mortgage, claimed a priority of payment over the other bonds, under the following circumstances:—

On the 26th June 1850, William Donaldson (who survived McQuhae) assigned one of these bonds, payable the 1st May 1850, to Mary Simington. This assignment contained a guarantee, by Donaldson, of the payment of the principal and interest due on the bond at the date of the assignment. And the auditor appointed to report distribution of the fund, received, and reported to the court, parol evidence, that Donaldson, at the time of executing the assignment, agreed that this bond should be first paid out of the mortgaged premises. Donaldson, at this time, was the holder of the other three bonds; which, on the 5th and 9th September 1850, he assigned to different persons. These assignments were under seal, and purported to be for a valuable consideration; but no evidence of consideration was given before the auditor. The subsequent assignees had no notice of the previous assignment to Mrs. Simington.

[Hancock's Appeal.]

Mary Simington, on the 27th March 1856, assigned her bond to Oscar F. Moore ; and on the 28th March 1856, Moore assigned it to William Hancock, the appellant.

The court below (JORDAN, P. J.) decreed that the assignees of the several bonds were entitled to be paid *pro rata*, and distributed the fund accordingly; whereupon this appeal was taken.

Baldy, for the appellant, cited Donley v. Hays, 17 S. & R. 402; Mohler's Appeal, 5 Barr 420, 421; Perry's Appeal, 10 Harris 46; Betz v. Heebner, 1 Penn. R. 280; Mechanics' Bank v. Bank of Niagara, 9 Wend. 410; Cooper v. Ulman, Walker's Ch. R. 251.

The opinion of the court was delivered by

WOODWARD, J.—The auditor might have rejected the evidence of Simington, to the effect that Donaldson agreed by parol, that the bond Simington was purchasing should have preference over the other mortgage bonds; because it was plainly inconsistent with the assignment as written. That contained a guarantee, which was a legal personal contract, but not a word about a preference, that should impress this bond with an equity superior to its fellows. The legal presumption is, that the writing expresses the whole mind of the parties touching the assignment; and it is not to be set aside by the recollections of the purchaser, after others have acquired rights which he is anxious to displace.

Standing, then, upon the assignment as written, there was nothing to take the case out of the rule of Donley v. Hays, 17 S. & R. 402, which has been followed in all subsequent cases. It is the ordinary case of successive assignees of fractional parts of the same mortgage debt, and among such assignees, equality of distribution prevails. If the fund is insufficient to satisfy them all, they take *pro rata*. Nor does a guarantee held by one, disturb this relation. Guarantee is a personal contract at large, and not a pledge of any particular fund. If the first assignee is not fully paid, he has his remedy on the guarantee—and, possibly, had Donaldson retained the other bonds, he might be supposed to have also, as against him, an equity to be first paid. However this might be, he has no equity, springing from either the assignment or the guarantee, to assert against *bonâ fide* holders of the other bonds. They purchased without notice of any such equity, and they are unaffected by it—even if, as between Simington and Donaldson, it exists.

But it is said, they should have been put to proof that they were purchasers for a valuable consideration. They certainly should, had there been any doubt thrown upon the *bona fides* of the assignments to them; but there was none. The assignments duly executed under seal, were sufficient to pass the title, and

[Hancock's Appeal.]

must be held to import a valuable consideration. Had there been any impeachment, however slight, of the fairness of the assignments, we would have required full proof of consideration; but, in the circumstances of the case, we think both the auditor and the court ruled wisely, and the decree is affirmed.