366 A.2d 251

**KEYSTONE BANK, Appellant,**

v.

**NUCLEAR MAGNETIC RESONANCE SPECIALTIES, INC., and Edward F. Welsh.**

Superior Court of Pennsylvania.

Nov. 22, 1976.

472

Abraham Fishkin, Pittsburgh, for appellant.

Robert G. Sable, Pittsburgh, for appellees.

Before WATKINS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge.

This is an appeal from an order sustaining exceptions to the sheriff's proposed schedule of distribution [1] of the proceeds of an execution sale of real estate in Allegheny County. The certified list of liens [2] showed that appellee had executed postponements of certain judgments, and the sheriff proposed to give effect to those postpone-

1. Pa.R.C.P. 3136.
2. Pa.R.C.P. 3136(c).

ments. The court below, however, agreed with appellee that a condition precedent to the efficacy of the postponements had not been performed within a reasonable time. Accordingly, the court awarded priority to appellee's judgments over the mortgage lien of appellant bank. On this appeal, appellant argues that the issue whether the postponements were conditional should not have been decided on exceptions to the proposed schedule of distribution, and that if it should have been, it was decided incorrectly. We address these arguments in reverse order, reject both, and affirm.

I

Appellee, a patent attorney, was a director of Nuclear Magnetic Resonance Specialties, Inc. (NMRS), and also served nominally as its treasurer.[3]  (Record 129a–130a) Appellant had provided NMRS with substantial financing, and in connection with one transaction had obtained appellee's signature as guarantor of a $34,000 note. NMRS was in serious financial difficulty, and on October 22, 1971, a meeting was held at appellant's offices at which officers of NMRS and of appellant discussed the possibility of additional substantial financing. Appellant's president, Herman Israel, stated that appellant would be able to loan NMRS $112,000 but only if NMRS gave appellant a first mortgage on real estate in Plum Borough, Allegheny County. (This is the real estate here in question.) Since the real estate was already encumbered by several liens, including two judgments owned by appellee, Israel asked appellee to execute a subordination agreement so that appellant could obtain a first lien. (Record 84a, 134a). Appellee, however, refused to execute the subordination agreement unless appellant procured a similar agreement from one Yajko,

3. NMRS is not a party to this appeal.

who was the founder and majority shareholder of NMRS.[4] Israel agreed to this condition, and told appellee that appellant would either obtain a subordination agreement from Yajko or would take action to have Yajko's liens stricken.[5] Appellee thereupon executed the subordination agreement, and the following day NMRS executed a bond and mortgage to appellant in the amount of $112,000. On November 4, 1971, appellee's subordination agreement was entered of record.[6] Appellant, however, did not obtain a subordination from Yajko until eighteen months later, on May 2, 1973, after paying Yajko $3,000. The Sheriff's sale was on May 7, 1973.[7]

4. There was apparently a significant amount of animosity between appellee and Yajko, and appellee consequently wanted to maintain his position of priority *vis-a-vis* Yajko's liens. (Record 137a)

5. Appellant's officers believed that Yajko's liens were invalid because of his position as majority shareholder. (Record 86a, 137a)

6. The conditional nature of the subordination agreement was conceded by appellant. Israel stated in his deposition that "[h]e [appellee] said he would do it if Yajko did it." (Record 85a) It was also established by the testimony of appellee (Record 136a–138a) and of Jacob J. Ross, Jr., a shareholder and director of NMRS who was present at the October 22 meeting (Record 152a). Appellee testified that it was his expectation that a subordination agreement would be obtained from Yajko immediately, or within weeks at the latest. (Record 140a) The subordination agreement itself, however, apparently does not refer to its conditional nature. Appellant does not argue, and did not argue below, that proof of the condition is barred by the parol evidence rule. *But compare Scott v. Bryn Mawr Arms*, 454 Pa. 304, 308, 312 A.2d 592, 594 (1973); *Barnsley v. Shaffer*, 358 Pa. 415, 418, 57 A.2d 870, 871 (1948); *and Hancock's Appeal*, 34 Pa. 155, 156 (1859), *with Sheinman Brothers v. Hovland-Sardeson-McColm Co.*, 78 Pa.Super. 479, 482–83, 484 (1922).

7. Execution on the bond accompanying the mortgage was entered on March 6, 1973, and a sheriff's sale was scheduled for April 2. The sale was postponed until May 7 while appellant made an unsuccessful attempt to have the Yajko judgments stricken.

██ ██ At the time of the sheriff's sale, the order of priorities was as follows (Record 169a):

(1) Mortgage—Archimede Pontremoli (Assigned May 1, 1973 to Keystone Bank) _____ $19,943.71

(2) DSB 3797 January Term 1970—Keystone Bank (Postponed in favor of Keystone Bank mortgage [8] _____ 34,011.00

(3) Mortgage—Keystone Bank (Recorded October 26, 1971) _____ 112,000.00

(4) DSB 852 October Term 1971—Edward F. Welsh (Filed August 5, 1971. Postponed November 4, 1971.) _____ 12,188.50

(5) DSB 1351 October Term 1971—Louis Ceraso (Filed August 26, 1971. Assigned to Edward F. Welsh. Postponed November 4, 1971.) _____ 3,000.00

(6) DSB 1870 October Term 1971—Thomas Hill (Filed September 16, 1971. Postponed November 4, 1971) 1,537.00

(7) DSB 1871 October Term 1971—Grant Hill (Filed September 16, 1971. Postponed November 4, 1971.) _____ 3,075.00

(8) DSB 2250, 2251, 2252, 2253 October Term, 1971—Paul J. Yajko (Filed September 30, 1971. Postponed in favor of mortgage May 2, 1973.) ____ 11,200.00

(9) DSB 351 January Term, 1972—Keystone Bank (Filed October 19, 1971.) 32,950.00

(10) DSB 1321 April Term 1973—Keystone Bank (Filed March 5, 1973. Execution issued at No. 357 April Term 1973.) _____ 114,631.54

8. "DSB" is an abbreviation for "debitum sine brevi," which may be defined as follows: "Debt without writ; debt without a declaration. In old practice, the term denoted an action begun by original bill, instead of by writ. In modern usage, it is sometimes applied to a debt evidenced by confession of judgment without suit . . .." Black's Law Dictionary 490 (4th ed. 1968).

The postponements referred to in this list derived from the subordination agreement that appellee had given appellant. However, the evidence, which has been summarized above, clearly showed that appellee's execution of the subordination agreement was conditioned upon appellant's obtaining a similar agreement from Yajko. It is thus clear that appellee's agreement to have his liens assume a position inferior to appellant's mortgage lien was conditional in nature. *See National Products Company v. Atlas Financial Corp.*, 238 Pa.Super. 152, 159–60, 364 A.2d 730, 734 (1975). Since no time was stated for the performance of this condition, the law implies that it had to be complied with within a reasonable time. *Field v. Golden Triangle Broadcasting, Inc.*, 451 Pa. 410, 418–19, 305 A.2d 689, 694 (1973), *cert. denied*, 414 U.S. 1158, 94 S.Ct. 916, 39 L.Ed.2d 110 (1974). It was for the hearing judge, as finder of fact, to determine whether the eighteen month delay in obtaining Yajko's subordination agreement was reasonable. *Bogojavlensky v. Logan*, 181 Pa.Super. 312, 319, 124 A.2d 412, 416 (1956). Since the testimony of appellee, of appellant's president, and of Ross amply established that appellee had insisted that he would subordinate his liens to appellant's only if appellant obtained a subordination agreement from Yajko, the hearing judge's conclusion that the eighteen month delay was unreasonable should not be disturbed.

## II

There is no merit to appellant's argument that the hearing court had "no jurisdiction" to adjudicate appellee's claim on exceptions to the sheriff's sale because it was bound by the record of liens as certified to the sheriff by the Lawyers' Title Insurance Corporation. *See* Pa.R.C.P. 3136(c). Rule 3136 explicitly provides that the court "shall determine" exceptions filed to the sheriff's proposed schedule of distribution, and envisions the taking of evidence, "by deposition or otherwise," in-

cident to that determination. Pa.R.C.P. 3136(f). Indeed, where the determination requires that extensive evidence be taken, the court is empowered to appoint an auditor to take the evidence and report to the court. *Id.*; 7 Standard Pennsylvania Practice 633 (rev. ed. 1961). To adopt appellant's position would be to render Rule 3136 meaningless.

■ This is not a case where one of the claimants to the fund being held by the sheriff is not a lienholder. *See, e. g., Community Federal S. & L. Ass'n. v. Luckenbach,* 436 Pa. 472, 475, 261 A.2d 327, 329 (1970). When the certified list of liens shows that the competing claimants are both lienholders, their relative priority may be determined on exceptions to the sheriff's proposed schedule of distribution. *See Sklaroff v. Weiner,* 204 Pa.Super. 273, 203 A.2d 366 (1964); *Time Sales Finance Corp. v. Fuchs,* 42 D.&C.2d 70 (C.P.Bucks 1967) (GARB, J.).

The order sustaining appellee's exceptions is affirmed.

JACOBS, J., did not participate in the consideration or decision of this case.

HOFFMAN and VAN der VOORT, JJ., dissent.