J-A19026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RIVER STATION X, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RIVER STATION LAND, LP, HAYDEN | : | |
| ASSET, LLC AND ESSEX BANK AND | : | |
| CHESTER COUNTY OFFICE OF | : | No. 204 EDA 2017 |
| SHERIFF AND NATIONAL PENN BANK | : | |
| AND MACELREE HARVEY, LTD AND | : | |
| HUNTINGDON EQUITIES, LLC AND | : | |
| HOLLENBACH CONSTRUCTION, INC. | : | |
| AND VIST BANK AND TOMPKINS | : | |
| VIST BANK AND JOHN W. LISTER | : | |
| AND FX BONNES ASSOCIATES, INC. | : | |
| AND  ANTHEM PARTNERS LLC AND | : | |
| SONOCO PRODUCTS COMPANY AND | : | |
| DOWNINGTOWN MUNICIPAL WATER | : | |
| AUTHORITY AND  NVR, INC. D/B/A | : | |
| RYAN HOME AND GMH RIVER | : | |
| STATION HOLDING, LP. AND | : | |
| CHESTER COUNTY TAX CLAIM | : | |
| BUREAU AND  DOWNINGTOWN AREA | : | |
| SCHOOL DISTRICT AND BOROUGH | : | |
| OF DOWNINGTOWN AND EAST CALN | : | |
| TOWNSHIP AND TERRA TECHNICAL | : | |
| SERVICES, LLC | : | |
| | : | |
| | : | |
| APPEAL OF:  TERRA TECHNICAL | : | |
| SERVICES, LLC | : | |

Appeal from the Order Entered December 22, 2016
In the Court of Common Pleas of Chester County Civil Division at No(s):
2016-01550-RC

| | | |
|---|---|---|
| RIVER STATION X, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |

| | | |
|---|---|---|
| RIVER STATION LAND, LP, HAYDEN ASSET, LLC AND ESSEX BANK AND CHESTER COUNTY OFFICE OF SHERIFF AND NATIONAL PENN BANK AND MACELREE HARVEY, LTD AND HUNTINGDON EQUITIES, LLC AND HOLLENBACH CONSTRUCTION, INC. AND VIST BANK AND TOMPKINS VIST BANK AND JOHN W. LISTER AND FX BONNES ASSOCIATES, INC. AND  ANTHEM PARTNERS LLC AND SONOCO PRODUCTS COMPANY AND DOWNINGTOWN MUNICIPAL WATER AUTHORITY AND  NVR, INC. D/B/A RYAN HOME AND GMH RIVER STATION HOLDING, LP. AND CHESTER COUNTY TAX CLAIM BUREAU AND  DOWNINGTOWN AREA SCHOOL DISTRICT AND BOROUGH OF DOWNINGTOWN AND EAST CALN TOWNSHIP AND TERRA TECHNICAL SERVICES, LLC | : : : : : : : : : : : : : : : : : : : : : : : : | No. 213 EDA 2017 |
| APPEAL OF:  TERRA TECHNICAL SERVICES, LLC | : : | |

Appeal from the Order Entered December 22, 2016
In the Court of Common Pleas of Chester County Civil Division at No(s):
2016-01552-RC

| | | |
|---|---|---|
| RIVER STATION X, LLC | : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| RIVER STATION LAND, LP, HAYDEN ASSET, LLC AND ESSEX BANK AND CHESTER COUNTY OFFICE OF SHERIFF AND NATIONAL PENN BANK AND MACELREE HARVEY, LTD AND HUNTINGDON EQUITIES, LLC AND HOLLENBACH CONSTRUCTION, INC. AND VIST BANK AND TOMPKINS | : : : : : : : : : | No. 262 EDA 2017 |

- 2 -

J-A19026-17

VIST BANK AND JOHN W. LISTER        :
AND FX BONNES ASSOCIATES, INC.      :
AND  ANTHEM PARTNERS LLC AND        :
SONOCO PRODUCTS COMPANY AND         :
DOWNINGTOWN MUNICIPAL WATER         :
AUTHORITY AND  NVR, INC. D/B/A      :
RYAN HOME AND GMH RIVER             :
STATION HOLDING, LP. AND            :
CHESTER COUNTY TAX CLAIM            :
BUREAU AND  DOWNINGTOWN AREA        :
SCHOOL DISTRICT AND BOROUGH         :
OF DOWNINGTOWN AND EAST CALN        :
TOWNSHIP AND TERRA TECHNICAL        :
SERVICES, LLC                       :
                                    :
                                    :
APPEAL OF:  TERRA TECHNICAL         :
SERVICES, LLC                       :

Appeal from the Order Entered December 22, 2016
In the Court of Common Pleas of Chester County Civil Division at No(s):
2016-01553-RC

BEFORE:  BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 17, 2017**

In these consolidated appeals, Appellant, Terra Technical Services, LLC, appeals from the December 22, 2016 Order denying its Petition to Set Aside Sheriff's Sale.  We affirm.

Appellant is a business engaging in, among other things, environmental remediation and general demolition work.  River Station Land, LLC ("RSL"), the owner of 18 contiguous parcels of land, hired

- 3 -

Appellant to demolish certain structures on the property.[1] Work commenced on July 31, 2007. On June 23, 2009, Appellant filed mechanics' lien claims in an amount in excess of $1,000,000.00 against the property for unpaid work. Appellant withdrew its claims on August 7, 2009. Almost 7 months later, and allegedly pursuant to an agreement to toll the statute of limitations, on March 3, 2010, Appellant purportedly filed a new set of Mechanics' Lien claims.[2]

After Hayden Asset, LLC, the owner of the mortgages held on RSL's land, obtained judgments in Mortgage Foreclosure actions against at least 3 of the 18 parcels, Appellant filed an emergency Motion for Stay of Sheriff's Sale and a Petition for Leave to Intervene as a Party in the consolidated Mortgage Foreclosure cases. Appellant alleged in its Motion that it held mechanics' liens on the foreclosed properties and sought to stay the sheriff's

---

[1] By way of further background, RSL obtained a loan from Malvern Federal Savings and Loan ("MFSL"), secured by mortgages on the 18 parcels. At some point, RSL defaulted on its MFSL loans, and MFSL sold the obligations to Hayden Asset, LLC ("Hayden"), and Hayden foreclosed on the mortgages. The foreclosure actions underlying this appeal, and in which Appellant is an intervenor, arise from Hayden's foreclosure on mortgages it held on 3 properties and for which it obtained judgments in the amounts of $3,913,388.79; $2,162,480.57; and $4,780,558.39, respectively. Prior to the sheriff's sale, Hayden assigned its interest to Appellee, River Station X, LLC.

[2] These claims are those that Appellant identified in its Petition to Set Aside Sheriff's Sale as having lien priority over three mortgages held by Appellee, River Station X, LLC, as assignee of Hayden Asset, LLC, and recorded on November 13, 2007, June 24, 2008, and August 10, 2009.

sale until the priorities of its liens could be judicially determined. Motion to Stay, 10/6/16 at ¶¶ 8, 12. Appellant attached as exhibits to its Motion copies of three Notices of Sheriff's Sale of Real Property dated June 29, 2016.

On October 11, 2016, Appellant filed a separate Declaratory Judgment action in which it sought a judicial determination as to the priority of its mortgage liens and those being foreclosed upon by Hayden Asset, LLC.[3] *See* Case No. 2016-09675-MJ.

The court held a hearing on Appellant's Motion and Petition and, on October 18, 2016, permitted Appellant to intervene, but denied its emergency Motion to Stay Sheriff's Sale. In its Order denying Appellant's Motion, the court instructed Appellant that it could seek to establish the priority of its liens by filing exceptions to the sheriff's proposed schedule of distribution within ten days of the sheriff's sale as set forth in Pa.R.C.P. No. 3136.

On October 20, 2017, the properties were sold at the sheriff's sale. There were no bids at the sale, and River Station X ("Appellee") took the property back for costs. Appellant did not attend the sale and did not file

---

[3] Prior to the Sheriff's Sale, Hayden assigned its interest to Appellee, River Station X.

exceptions to the sheriff's proposed schedule of distribution within ten days of the sale.

On November 16, 2016, Appellant filed a second Declaratory Judgment action. *See* 2016-10841-MJ.[4] In this action, Appellant sought a declaration that its judgment liens on the property that had already been sold at sheriff's sale were superior to Appellee's judgment liens, that the sheriff's sale did not discharge Appellant's judgment liens, and that two of the parcels in question were not sold at the sale.

On November 16, 2016, Appellant also filed an emergency Petition to Enjoin the Chester County Sheriff from delivering and recording the deed for the parcels following the sheriff's sale pending final disposition of the Declaratory Judgment actions. Appellee filed an answer to the Petition in which it claimed that Appellant does not hold valid mechanics' lien claims because it withdrew them on August 7, 2009, did not timely file new claims, and that any liens Appellant did hold were extinguished by the sheriff's sale.

On November 17, 2016, Appellant filed the Petition to Set Aside Sheriff's Sale at issue in the instant appeal. Appellee filed an Answer on December 7, 2016. Appellant filed a Brief in support of the Petition on November 18, 2016.

_____

[4] The trial court *sua sponte* consolidated the Declaratory Judgment actions under the common Docket Number 2016-01550-RC.

On November 23, 2016, the trial court denied Appellant's emergency Petition to Enjoin delivery and recordation of the deed, concluding that Appellant failed to satisfy all of the elements required for injunctive relief. The court specifically found that Appellant had not filed its mechanics' liens within the statute of limitations and that any purported agreement to toll the statute of limitations with respect to the mechanics' liens was invalid as to Appellee.

On December 5, 2016, the Sheriff delivered the deed to Appellee. Appellee subsequently filed an Answer to Appellant's Petition to Set Aside Sheriff's Sale. Appellee urged the court to deny the relief requested by Appellant, arguing that, since the deed had been recorded and delivered, the only bases for setting aside the sale are lack of authority or fraud, neither of which Appellant alleged in its Petition.

On December 14, 2016, Appellee filed an Emergency Petition for Expedited Consideration of Appellant's Petition to Set Aside Sheriff's Sale. Appellee requested that the trial court deny the Petition and dismiss Appellant's Declaratory Judgment actions as moot. The court issued a Rule to Show Cause to Appellant to file an Answer to Appellee's Emergency Petition within 48 hours. Appellant complied with this Rule and filed an Answer on December 16, 2016.

On December 16, 2016, Appellant also filed a Motion for Reconsideration of the November 23, 2016 Order denying its request for

injunctive relief. On December 21, 2016, the trial court entered an Order denying this Motion.

Also on December 21, 2016, the trial court granted Appellee's request for expedited consideration, without a hearing, of Appellant's Petition to Set Aside Sheriff's Sale. On December 22, 2016, the trial court denied Appellant's Petition. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following seven issues on appeal, which we have reordered for ease of disposition:

1.    Whether the [t]rial [c]ourt abused its discretion and committed an error of law by finding that Appellant [] did not show that proper cause exists or that it would be just and proper to set aside the sheriff's sale[?]

2.    Whether the [t]rial court abused its discretion [] and committed an error of law by finding that the arguments raised by [Appellant] in its Petition to Set Aside the Sheriff's Sale were the same as those raised in its Petition to Stay the Sheriff's Sale[?]

3.    Whether the [t]rial [c]ourt abused its discretion by determining that equity did not favor setting aside the [s]heriff's [s]ale and ordering a resale after lien priority was determined[?]

4.    Whether the [t]rial [c]ourt abused its discretion in denying [Appellant's] Petition to Set Aside the Sheriff's Sale because equity requires that the sheriff's sale be set aside and it would be just and proper under the circumstances[?]

5.    Whether the [t]rial [c]ourt abused its discretion and committed an error of law by finding that Pa.R.C.P. [No.] 3136 provided the exclusive process for [Appellant] to challenge lien priority and assert its superior priority[?]

6. Whether the [t]rial [c]ourt abused its discretion and committed an error of law in not holding an evidentiary hearing on disputed issues and mistaken or misrepresented averments of [Appellee] that were accepted or assumed to be true by the trial court despite the requests of [Appellant] for an evidentiary hearing before the trial court decided the Petition[?]

7. Whether the [t]rial [c]ourt abused its discretion and/or committed an error of law by declining to decide either Declaratory Judgment Action (2016-09675-MJ and 2016-10841-MJ) prior to the sheriff's sale and/or prior to deciding the Petition[?]

Appellant's Brief at 6-7.

## Petition to Set Aside Sheriff's Sale

In its first four issues Appellant essentially presents variations on the same claim: that the trial court erred in denying its Petition to Set Aside Sheriff's Sale. Thus, we address these four issues together.

Appellant claims that the trial court erred in denying its Petition because it demonstrated proper cause to set aside the sheriff's sale. Appellant's Brief at 20. Specifically, Appellant avers that it pleaded proper cause because: (1) it held valid liens on the property subject to sheriff's sale; (2) the divestment of its liens is in excess of $1,000,00.00; (3) it was necessary that the parties have lien priority determined prior to the sale to enable intelligent bidding at the sheriff's sale; (4) the sheriff's sale did not generate sale proceeds to satisfy its liens; and (5) equity favors preserving lienholders' rights. *Id.* at 20-22, 26, 28, 41-45. Essentially, Appellant claims that the court should have set aside the sheriff's sale because it was entitled to a determination of its lien priority prior to the sale. *Id.* at 21.

We review the denial of a motion to set aside a sheriff's sale for an abuse of discretion. *See Irwin Union Nat. Bank and Trust Co. v. Famous*, 4 A.3d 1099, 1102 (Pa. Super. 2010). "[T]he relevant inquiry is whether proper cause has been shown to set aside the sheriff's sale." *Id.* (citation omitted); *see also* Pa.R.C.P. No. 3132. The burden of establishing proper cause by clear and convincing evidence lies with the petitioner. *See id*. "Sheriff's sales have been set aside where the validity of the sale proceedings is challenged, a deficiency pertaining to the notice of the sale exists, or where misconduct occurs in the bidding process." *Id.* (citation omitted).

"[A] petition to set aside a sheriff's sale may only be granted when the petition is filed before the sheriff's delivery of the deed." *Mortgage Electronic Registration Systems, Inc. v. Ralich*, 982 A.2d 77, 79 (Pa. Super. 2009) (citation omitted). There is, however, an exception to the time bar. *See id*. Under this exception, a trial court may set aside a sheriff's sale after delivery of the sheriff's deed based upon fraud or lack of authority to make the sale. *See id*.

In Pennsylvania, a sheriff's sale of real property discharges all liens which are not satisfied of record at the time of sale. *Boyer v. Walker*, 714 A.2d 458, 462-63 (Pa. Super. 1988).

First, with respect to Appellant's claim that it demonstrated proper cause to set aside the sheriff's sale, we note that Appellant has not

challenged the validity of the sale proceedings, averred that it did not have proper notice of the sale, or asserted that there was misconduct in the bidding process. Likewise, Appellant has not argued that the sheriff's deed is based upon fraud or that the sheriff lacked authority to conduct the sale. In sum, Appellant has not claimed that there was any defect in the sale itself or the sheriff's deed. Importantly, Appellant's only real claim is that its liens were entitled to priority, which ought to have been established prior to the sheriff's sale.

In light of our well-settled law, we conclude that the trial court did not abuse its discretion in declining to set aside the sheriff's sale when Appellant failed to present clear and convincing evidence, let alone argument, that there was some defect in the sale process.

In its fifth issue, Appellant asserts that the trial court erred as a matter of law in holding that Pa.R.C.P. No. 3136 provides the exclusive remedy for establishing lien priority. It argues instead that lien priority may also be established through a declaratory judgment action. Appellant's Brief at 46. Appellant also claims that it could not pursue lien priority under Rule 3136 because no one bid against Appellee at the Sheriff's sale. *Id.* at 47.

"Under Pennsylvania law, the priority of liens recorded against foreclosed property is usually established by filing exceptions to the sheriff's schedule of distribution **after** a sheriff's sale has occurred." ***Commerce***

*Bank/Harrisburg, N.A. v. Kessler*, 46 A.3d 724, 728 (Pa. Super. 2012) (emphasis in original) ( *citing* Pa.R.C.P. No. 3136).

Pa.R.C.P. No. 3136 provides a mechanism for a party to establish the priority of its liens on a property which has been sold at sheriff's sale. This process includes filing exceptions to the sheriff's proposed schedule of distribution within 10 days of the sale. The Rule states, in relevant part, as follows:

> (a) Not later than thirty days after the sale of real property and not later than five days after the sale of personal property, the sheriff shall prepare a schedule of proposed distribution of the proceeds of sale which shall be filed in the prothonotary's office. No schedule of distribution or list of liens need be filed when the property is sold to the plaintiff for costs only.
>
> ***
>
> (d) The sheriff shall distribute the proceeds of sale in accordance with the proposed schedule of distribution, unless written exceptions are filed with the sheriff not later than ten (10) days after the filing of the proposed schedule.
>
> (e) Upon the filing of exceptions, the sheriff shall transmit them to the prothonotary together with a copy of the proposed schedule of distribution.

Pa.R.C.P. No. 3136(a), (d), (e).

This Court has further explained that Rule 3136 provides the exclusive method by which a court determines lien priority. *Sklaroff v. Weiner*, 203 A.2d 366, 368 (Pa. Super. 1964); *see also Keystone Bank v. Nuclear Magnetic Resonance Specialties, Inc.*, 366 A.2d 251, 254 (Pa. Super. 1976). This is the case even when the sale generates no proceeds to

distribute to subordinate lienholders. *State Street Bank v. Petrey*, 819 A.2d 581, 584 (Pa. Super. 2003).

After careful review, we agree with the trial court that Rule 3136 provides the exclusive means by which Appellant could have had its lien priority established. As instructed by the trial court, Appellant was required to file exceptions to the sheriff's schedule of distribution. We disagree with Appellant's claim that it could not pursue lien priority under Rule 3136 because no one bid against Appellee and Appellee took the property back for costs. Appellant had notice of the sheriff's sale. Thus, Appellant could have attended the sale, as instructed by the trial court, and bid any amount above costs in order to drive up the sale price and ensure that the sale generated proceeds for distribution.[5]

### Failure to Hold an Evidentiary Hearing

In its sixth issue, Appellant claims that the trial court erred in deciding Appellant's Petition to Set Aside Sheriff's Sale without holding an evidentiary hearing. Appellant's Brief at 33-40.

_____

[5] Appellant relies heavily on *Kessler* in support of many of its issues on appeal. We find that *Kessler* is readily distinguishable from the instant case. Importantly, although *Kessler* arose in the context of a mortgage foreclosure action, the competing lienholders agreed to postpone the sheriff's sale so that the court could determine the priority of their liens. *Kessler*, 46 A.3d at 727-28. Therefore, this Court determined that the underlying dispute was in the nature of a declaratory judgment action. *Id.* at 729. Here, the parties did not agree to stay the sheriff's sale, the sale took place, and yet Appellant failed to pursue the remedy provided in Rule 3136.

"[I]t is within the discretion of the trial court to determine whether briefs and/or oral argument are required to rule on a petition; it is also within the discretion of the trial court to decide whether a matter can be best disposed of from a review of the record alone." ***GMAC Mortgage Corp. of PA v. Buchanan***, 929 A.2d 1164, 1169 (Pa. Super. 2007) (citation omitted).

The trial court explained its decision to grant Appellee's request for expedited consideration of Appellant's Petition to Set Aside Sheriff's Sale as follows:

> As a result of the [ ] procedural history, the legal issues presented by the [P]etition to [S]et [A]side [S]heriff's [S]ale have been fully briefed by the parties and the material facts upon which each party relies have been developed and presented to the court on more than one occasion. Reviewing these facts once again, the court concludes that it can dispose of the present matter [ ] on a review of the record alone, much of which involves this court's public records.

Trial Ct. Order, 12/21/16, at n.1.

Given our disposition of Appellant's first five issues, and in light of the record before the court at the time it decided Appellant's Petition to Set Aside the Sheriff's Sale, we find that the trial court did not abuse its discretion in deciding the Petition without holding an evidentiary hearing. Having correctly held that the only means by which Appellant could obtain the relief it sought, *i.e.* by filing exceptions pursuant to Rule 3136, it was clear to the trial court from the record before it that Appellant had not presented clear and convincing evidence of appropriate grounds for setting

aside the sale. Simply, a petition to set aside a sheriff's sale is not the proper procedural mechanism for establishing lien priority, and an averment that lien priority was not established prior to the sale is not a basis upon which to order the sale set aside. Thus, the record did not contain "disputed facts" and trial court had no reason to hold an evidentiary hearing.[6]

**The Declaratory Judgment Actions**

Last, Appellant claims that the trial court erred in declining to decide its Declaratory Judgment Actions prior to denying its Petition to Set Aside Sheriff's Sale. This issue is waived for failure to comply with our briefing requirements

Appellate briefs must conform to the Rules of Appellate Procedure. Pa.R.A.P. 2101. Rule 2119 requires that the "argument shall be divided into as many parts as there are questions to be argued" and include "such discussion and citation of authorities as are deemed pertinent." *Id.* at 2119(a). "Where an appellate brief fails to provide any discussion of a claim

_____

[6] Appellant also argues that the court should have held a hearing on the "disputed facts" it presented in its Petition pursuant to Pa.R.C.P. Nos. 208.4(a)(2)(v) and 208.4(b)(1). Appellant's Brief at 33-34. The plain language of the Rules belies this argument as both provide the trial court with discretion as to whether to hold an evidentiary hearing or issue a rule to show cause. *See* Pa.R.C.P. 208.4.(a)(2)(v) ("At the initial consideration of a motion, the court **may** enter an order that . . . sets forth the procedures the court will use for deciding the motion which may include . . . the holding of an evidentiary hearing.") (emphasis added); Pa.R.C.P. 208.4(b)(1) ("If the moving party seeks relief based on disputed facts for which a record must be developed, the court . . . **may** enter an order . . . providing for the issuance of a rule to show cause.") (emphasis added).

with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."

***Umbelina v. Adams***, 34 A.3d 151, 161 (Pa. Super. 2011), *appeal denied*, 47 A.3d 848 (Pa. 2012) (quoting ***In re W.H.***, 25 A.3d 330, 339 (Pa. Super. 2011), *appeal denied*, 24 A.3d 364 (Pa. 2011)); ***see also*** Pa.R.A.P. 2119(a).

Appellant has not supported its final issue on appeal with citation to any relevant authority. Accordingly, it is waived.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2017